UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
KEITH HUTSON,

                Plaintiff,            **REPORT AND RECOMMENDATION**
                                                         21 CV 5865 (LDH)(LB)

   -against-

EXPERIAN INFORMATION
SOLUTIONS, INC. and EQUIANT
FINANCIAL SERVICES, INC.,

                Defendants.
---------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff brings this action pursuant to Fair Credit Reporting Act ("FCRA") against defendants Experian Information Solutions, Inc. ("Experian") and Equiant Financial Services, Inc. ("Equiant"). For the following reasons, it is respectfully recommended that this case should be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

      Plaintiff commenced this action on October 21, 2021, by filing a complaint against defendants. ECF No. 1. Summons was issued, ECF Nos. 2, 4, and plaintiff filed proof of service on November 4, 2021, ECF Nos. 5–6. Defendants then answered the complaint. ECF Nos. 9–10.

      The Court held the initial conference in plaintiff's case on December 28, 2021 and set discovery deadlines. ECF No. 13. Plaintiff moved to amend his complaint, ECF No. 14, and the request was granted, ECF No. 17. The Court also granted defendants' motions to compel plaintiff to serve initial disclosures and responses to defendants' discovery requests and ordered plaintiff to do so by May 10, 2022. ECF No. 17. Plaintiff amended the complaint on April 27, 2022. ECF No. 18. Defendants answered shortly thereafter. ECF Nos. 19–20.

On May 20, 2022, defendant Experian filed another motion to compel plaintiff to respond to defendant's discovery responses, and defendant Equiant joined Experian in the motion. ECF Nos. 21–22. The Court granted defendants' motion, and noted that while the deadline for the parties to complete discovery had passed, the Court would afford plaintiff one last opportunity to respond to defendants' discovery requests by January 18, 2023. ECF No. 23. The Court "warned [plaintiff] that if he fails to comply with the Court's Order by January 18, 2023, [the Court] shall recommend that this case should be dismissed." Id. Plaintiff has not taken any action to prosecute this matter since amending the complaint on April 27, 2022.

## DISCUSSION

When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the Court may dismiss an action. Fed. R. Civ. P. 41(b). "[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a case sua sponte for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citations omitted). The power of a district court to dismiss an action for failure to prosecute is "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs" and dispose of cases in an orderly manner. Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962) (internal quotation marks omitted).

A court considering dismissal for failure to prosecute must consider five factors. Id. at 575. (citing United States ex. rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)). These factors include:

> Whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar

> congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Id. (quoting Drake, 375 F.3d 254). A delay in prosecution may prejudice defendants because witnesses' memories fade with the passage of time. O'Rourke v. Nirvana, 19-CV-4711, 2020 WL 1198326, at *2 (S.D.N.Y. Mar. 12, 2020), report and recommendation adopted by 2020 WL 2133174 (S.D.N.Y. May 5, 2020). District Courts must also diligently manage their dockets and "cannot indefinitely wait" for a plaintiff to again focus on prosecuting a case. Id. When a plaintiff fails to respond once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter. See Ruzsa v. Rubenstein & Sendy Attys. at Law, 520 F.3d 176, 177 (2d Cir. 2008).

Here, plaintiff's failure to prosecute this matter warrants dismissal. Plaintiff has not taken any action in this case since filing the amended complaint in April 2022, despite multiple Court Orders compelling plaintiff to serve his initial disclosures and respond to defendants' discovery requests. ECF Nos. 17, 23. The Court warned plaintiff that failure to take appropriate action would result in dismissal of the case. ECF No. 23. Plaintiff has nevertheless failed to take any action to prosecute this matter.

## CONCLUSION

Accordingly, it is respectfully recommended that this case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                                                                /S/
                                                    LOIS BLOOM
                                                    United States Magistrate Judge

Dated: February 15, 2023
       Brooklyn, New York